UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT G. WENDEL, DMD,<br><br>               Plaintiff,<br><br>   -vs-<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut company,<br><br>               Defendant. | NO.  CV-10-0028-LRS<br><br>ORDER RE PARTIAL SUMMARY JUDGMENT MOTIONS |

BEFORE THE COURT are the following motions: Defendant's Motion for Partial Summary Judgment Dismissing Contractual Claims (Ct. Rec. 21); Plaintiff's Motion for Partial Summary Judgment Re Travelers' Breach of Duty to Defend (Ct. Rec. 34); Plaintiff's Motion for Partial Summary Judgment Re Bad Faith (Ct. Rec. 37); and Amended Motion to Continue Trial Date and Modify Case Scheduling Order (Ct. Rec. 74).  Oral argument was held in Yakima, Washington on February 15, 2011, at which time the Court orally granted the Amended Motion to Continue Trial Date and Modify Case Scheduling Order, the ruling of which has resulted in entry of an updated Scheduling Order.  The remaining motions were taken under advisement.

**I.  BACKGROUND FACTS**

On May 5, 2004 Dorinda Wiseman filed a lawsuit [Wiseman lawsuit] against Plaintiff Wendel.  Ms. Wiseman alleged that she was first

ORDER - 1

employed by Plaintiff Dr. Wendel, a dentist, beginning in March 2001. In July 2003, she learned that Wendel was having a sexual affair with another employee, Christa Yount. The Complaint in the Wiseman lawsuit alleged that Wiseman and other persons in Wendel's office were distressed by news of the sexual affair. The Complaint further alleged that another employee of Wendel's indicated that she did not want to work with Ms. Wiseman. Wendel ultimately fired Ms. Wiseman. The Complaint further alleged that Ms. Wiseman's then-domestic partner called Wendel's wife and informed her of Wendel's affair with Ms. Yount. Plaintiff Wendel then terminated Christa Yount according to the Wiseman Complaint, and Ms. Yount committed suicide a few hours later.

In 2005, Plaintiff Wendel purchased specialized coverage (an Employment Practices Liability "EPL" policy) from Defendant Travelers to protect his business from employment-related claims. The same coverage was extended when Travelers issued a 2007-2008 renewal EPL policy.

In 2007, David Yount, widower and personal representative of the estate of Christa Yount, filed suit against Wendel, his wife and his dental practice business. Mr. Yount alleged that Ms. Yount was an employee of Wendel's, and that Wendel had pressured Ms. Yount to engage in an improper and manipulative sexual relationship while she was employed by him. Mr. Yount claimed that Wendel lied to his (Wendel's) wife, telling her he had ended the affair with Ms. Yount, when in fact he had not. According to Mr. Yount: Ms. Wendel discovered that Wendel had not terminated the affair with Ms. Yount; the Wendels agreed that Ms.

ORDER ~ 2

Yount should be fired from her job; Wendel terminated Ms. Yount and Ms. Yount committed suicide later the same day.  Mr. Yount alleged torts of negligence, sexual harassment, infliction of emotional distress, and outrage.

On February 28, 2007, Plaintiff Wendel put Defendant Travelers on notice of the Yount lawsuit.  Travelers ultimately declined tender of defense of the suit by letter dated March 26, 2009, invoking the policy's "prior lawsuit" exclusion.

**II.   Travelers' Partial Summary Judgment Motion Dismissing Contractual Claims**

Defendant Travelers asserts it denied the tender because the allegations concerning Ms. Yount's harassment and death were previously pled in the Wiseman suit, bringing the Yount suit squarely within an unambiguous exclusion in the policy discussed below. Plaintiff then sued Defendant Travelers, alleging it breached its duties to defend and indemnify.  Defendant Travelers now seeks a summary judgment ruling that it had no duty to defend (and consequently no duty to indemnify) Plaintiff Wendel with respect to the Yount lawsuit, because of the application of an exclusion negating any possibility of coverage.

Defendant argues the Ms. Wiseman's lawsuit against Plaintiff and her Complaint describes the details of Ms. Yount's harassment and death. While Plaintiff Wendel was defending the Wiseman suit, he applied for, and was issued, the Employment Practices Liability insurance policy at issue in this suit from Travelers with coverage effective August 17, 2005. The policy was renewed for the following two years (2006-2008).

ORDER ~ 3

The Policy had the following exclusion:

> **Exclusion A.12** provides in relevant part:
> This insurance shall not apply to, and the Company shall have no duty to defend or pay Defense Expenses for, any Claim . . . for, based upon, or arising directly or indirectly out of any fact, circumstance, situation, transaction, event or Wrongful Employment Practice . . . underlying or alleged in any prior and/or pending civil, criminal, administrative or regulatory proceeding as of the applicable Prior and Pending Proceeding Date in . . . the Declarations[.]

Plaintiff contends that the pending and prior litigation exclusion does not apply because no factual nexus exists between the Wiseman lawsuit and the Wendel lawsuit. Additionally, Plaintiff asserts, the prior litigation exclusion at issue is overly broad and unenforceable. Finally, Plaintiff argues that if the insurer is uncertain of its duty to defend, it may defend under a reservation of rights and seek a declaratory judgment that it has no duty to defend. Travelers, Plaintiff concludes, should have sought a declaratory judgment instead of its "blanket" denial of coverage.

The Court finds that coverage for the Yount lawsuit is excluded because Plaintiff knew the facts surrounding the Yount affair and death before the "prior and pending" date of the policy as those facts were alleged, revealed, known and the subject of litigation in the earlier Wiseman lawsuit. This claim fits squarely within the scope of Exclusion A.12. Plaintiff does not expressly indicate what part of the exclusion he considers to be overly broad (i.e., prefatory phrases in the exclusion, such as "arising directly or indirectly out of," etc.), or how

ORDER ~ 4

the facts of this case fall into any area of ambiguity which is asserted. The Court finds the explicit language in the exclusion can be and should be given its plain meaning. Thus, Plaintiff's suggestion that the exclusion claimed to be overly broad must be interpreted contrary to its plain meaning, simply because it is part of an exclusion, is incorrect.

In taking the action it did, defendant Travelers did not pass on the veracity of the Yount allegations when it examined the Wendel suit. It did, however, conclude that Plaintiff's affair with Christa Yount, her termination by Plaintiff, and her suicide were previously alleged and considered in the Wiseman Complaint. Such being the case, the company had no duty to defend because the claim arose out of a ". . . fact, circumstance, situation, transaction, event or wrongful employment practice. . . underlying or alleged. . ." in a prior and/or pending civil proceeding. The policy contains a prior litigation exclusion that is sufficiently clear on its face to negate defense and indemnity for claims concerning matters raised in suits preceding the policy's "prior and pending" date, i.e., the Wiseman lawsuit.

The Court further finds that an insurer may rely upon undisputed evidence outside the complaint to deny a defense to the insured when the extrinsic evidence does not bear upon the allegations' truth or scope, but rather, concerns only a discrete, independent coverage issue. In other words, such facts may be considered for the purpose of determining whether the duty to defend is triggered. While Washington courts have not specifically dealt with the issue, other courts and commentators have

ORDER ~ 5

noted that an insurer has no duty to defend when allegations in "the complaint ostensibly bring the case within the policy's coverage, but other facts that are not reflected in the complaint and are unrelated to the merits of the plaintiff's action plainly take the case outside the policy coverage." Alan D. Windt, Insurance Claims & Disputes: Representation of Insurance Companies & Insureds, § 4:4 (Online Database Updated 2010). In such circumstances, the "insurer may use extrinsic evidence to explain or refute factual allegations that are immaterial or extraneous to the merits of the third-party claim but relate solely to the question of coverage." *Guideone Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308, n.1 (Tex. 2006), *citing* Windt, supra.

Based on the foregoing, the Court grants Defendant Travelers' Motion for Partial Summary Judgment Dismissing Contractual Claims and denies Plaintiff's motions for partial summary judgment based on the Court's finding that Defendant Travelers properly denied any defense obligation to Plaintiff. Travelers' decision to deny coverage of the underlying claims was reasonable in light of the policy language and the facts known to Plaintiff via the Wiseman lawsuit at the time he purchased the subject policy. Moreover, under the circumstances shown, the Court does not find Defendant Travelers engaged in an unreasonable, frivolous or unfounded denial of coverage. Accordingly,

///
///

ORDER - 6

**IT IS ORDERED:**

1. Defendant's Motion for Partial Summary Judgment Dismissing Contractual Claims, **Ct. Rec. 21**, is **GRANTED**.

2. Plaintiff's Motion for Partial Summary Judgment Re Travelers' Breach of Duty to Defend, **Ct. Rec. 34**, is **DENIED** based on the Court's finding that Defendant Travelers properly denied any defense obligation to Plaintiff.

3. Plaintiff's Motion for Partial Summary Judgment Re Bad Faith, **Ct. Rec. 37,** is **DENIED.** Based on the foregoing, the Court does not find Defendant Travelers engaged in an unreasonable, frivolous or unfounded denial of coverage.

At the time this matter came on for hearing, the Court requested the parties' views concerning any matters which would remain for determination if Defendant's Motion for Partial Summary Judgment were granted. Within fifteen (15) days of the date hereof, Plaintiff and Defendant shall submit either a joint statement of issues which remain for trial or, in the event of disagreement, separate statements for the Court's consideration.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 10th day of March, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 7